# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

ERIC ROBERT FRY,            )
                            )
    Plaintiff,          )
                            )
v.                          )   Civ. No. 24-1103-CFC
                            )
WARDEN PHIL PARKER, *et al.*, )
                            )
    Defendants.         )

## MEMORANDUM OPINION

Eric Robert Fry, Howard R. Young Correction Institution, Delaware – *Pro Se* Plaintiff

March 21, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On October 3, 2024, Plaintiff Eric Robert Fry, an inmate at the Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, filed this civil action *pro se* against Defendants Warden Phil Parker, Medical Staff, Deputy Warden Hollingsworth, and Corrections Officers. (D.I. 3.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 7.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The Complaint asserts that from December 2023 until September 16, 2024, Defendants violated the Health Insurance Portability and Accountability Act (HIPAA) and "all" of Plaintiff's federal constitutional and statutory rights. (D.I. 3 at 5.) Plaintiff seeks relief in the form of "justice for [him]self and for any inmate for these violations." (*Id.* at 8.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the Complaint, at HRYCI, "medical staff and correction officers do meds together." (D.I. 3 at 5.) Plaintiff "never gave written consent and ha[s] said[ ]time after time [that] this violates [HIPAA, but medical staff and correction

1

officers] don[']t care[,] as they are the law makers behind these walls." (*Id.*) In the west wing of HRYCI, "they house three men [in] a cell[, with] bunk beds stacked three high." (*Id.*) With this arrangement, medical staff and correction officers "can[']t hide what[']s right in front of you," and Plaintiff's medical information is not kept confidential. (*Id.* at 6.) Plaintiff's claim involves "everyone who has been her[e]." (*Id.* at 7.) The Complaint includes no further information.

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

3

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court finds that the claims asserted are frivolous, and the Complaint fails to state a claim upon which relief may be granted, warranting dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), and 1915A(b)(1).

The existence of a private cause of action is a "prerequisite for finding federal question jurisdiction." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress"); *Smith v. Industrial Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir. 1992) (finding no subject matter jurisdiction because the Internal Revenue Code did not provide for a private federal remedy). Yet "HIPAA does not provide a private cause of action." *Beckett v. Grant*, No. 19-3717, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022) (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020)). Instead, HIPAA creates its own enforcement mechanism under 42 U.S.C. § 300gg-22, which limits

4

enforcement actions to the states or the Secretary of Health and Human Services. Hence, an alleged HIPAA violation does not give rise to a cognizable claim under § 1983. As such, Plaintiff's claims here rely on an indisputably meritless legal theory, the Complaint fails to state a claim upon which relief may be granted, and amendment is futile.

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), and 1915A(b)(1). (D.I. 3.) Amendment is futile.

An appropriate Order will be entered.